

FILED

AUG 1 8 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re                              )     Case No. 08-35404-A-7
                                   )
DEBRA JEAN BEAR,                   )
                                   )
        Debtor.                    )
                                   )
_____   )
                                   )
DAVEEN WILLIAMS,                   )     Adv. No. 09-2032
                                   )
        Plaintiff,                 )
                                   )
vs.                                )
                                   )
DEBRA JEAN BEAR,                   )     Date: August 18, 2009
                                   )     Time: 9:00 a.m.
                                   )
        Defendant.                 )
                                   )
_____   )

**MEMORANDUM**

     The plaintiff asks the court to determine that a debt is
excepted from the defendant's chapter 7 discharge pursuant to 11
U.S.C. § 523(a)(2), (a)(4), and (a)(6).  For the reasons
explained below, the court concludes that judgment must be
entered for the defendant.

     The plaintiff and the defendant were both employed as school
bus drivers.  They discussed the possibility of forming a
business to offer some sort of transportation service to the
public.  To further their goal, they enrolled in a community

college course to learn how to start a small business.

Later, a mutual acquaintance convinced them to buy his limousine business, At Your Service Limousine.  Both the plaintiff and the defendant then set out to refinance their homes to raise the capital necessary to buy the business and operate it.  In December 2005, the defendant completed her refinance and, fearing the business might be sold to someone else, paid the $18,000 necessary to acquire the business even though the plaintiff's refinance was not complete and she was yet unable to contribute to the purchase.  Consequently, the sale was to the defendant alone rather than to both parties.

However, in January 2006, the refinance of the plaintiff's home was complete and she paid approximately $9,000 to the defendant.  The defendant maintains that at this point the business was owned by each of them in equal shares.

Unfortunately, they did not document their partnership with a written agreement nor was the fictitious business statement amended to reflect the plaintiff's entry into the business. Also, the defendant continued to be listed as the owner of the business bank account, although the plaintiff became a signatory on the account.

The evidence indicates that the business was never operated profitably by the parties.  In fact, the business reported a loss for tax purposes in 2006, and neither party received a regular draw from the business.

The tangible assets of the business consisted primarily of four vehicles used to transport customers.  At no point did these vehicles have any net value above the balances on the loans used

-2-

1 | to purchase them.

2 | Apparently aware that their business was not thriving, the
3 | parties attended an industry conference in January 2007 and
4 | discussed a strategy of turning their business around.  It did
5 | not work.  Business did not improve.

6 | Each party points the finger at the other as the cause of
7 | the continuing financial problems.  For instance, the plaintiff
8 | asserts that the defendant diverted customers and kept the
9 | revenue generated from their business.  The defendant denies
10 | this.  And, there is no corroboration for the assertion, nor any
11 | evidence of diverted revenue.  This assertion appears based
12 | primarily on a drop in telephone calls requesting limousine
13 | service in March 2007.  This might mean the calls were being
14 | intercepted or merely that there were fewer calls.  And, even the
15 | plaintiff acknowledges that call volume increased in April and
16 | June 2007.

17 | Finally, at the end of July 2007, the defendant had had
18 | enough.  She excluded the plaintiff from the business and
19 | declared their business association ended.  The defendant
20 | instructed the bank to remove the plaintiff's name from the
21 | business account.  The plaintiff remained in possession of one
22 | limousine, but the defendant took charge of the remainder of the
23 | business which she continued to operate without the plaintiff.

24 | There is no evidence establishing that, at the time of their
25 | disassociation, the tangible assets of the business had any net
26 | value or that the defendant was unable to derive any gain from
27 | the operation of the business without the plaintiff.  Indeed, the
28 | defendant testified that the business cash flow did not improve,

-3-

1  it continued to lose money, its remaining tangible assets were
2  repossessed by lenders, and she ended up filing a chapter 7
3  petition approximately 14 months later.

4      The plaintiff's theory is that the defendant deceived her by
5  telling her she would be a partner in this business, while
6  harboring the secret intention of not making the plaintiff a
7  partner.  Had the plaintiff known that she would not receive half
8  of the business, she never would have parted with her initial
9  investment or the thousands of dollars she contributed later.

10     There is some evidence supporting this theory.  The
11 defendant, despite first indicating to the plaintiff that they
12 would purchase the business together, purchased the business
13 without the plaintiff's knowledge, then recorded a fictitious
14 business name statement and opened a bank account in her name
15 alone.

16     Then, when the defendant excluded the plaintiff from the
17 business, it appears that she told the plaintiff that she had
18 never been a partner.

19     However, the evidence suggests to the court that the
20 defendant purchased the business without the plaintiff's
21 participation only because she was concerned that the prior owner
22 would sell the business to someone else.

23     While the bank account records reflect that the defendant
24 was the owner of the account, this was due to the fact that the
25 parties had no written partnership agreement.  The bank required
26 such an agreement in order to open a partnership account.

27     The absence of a partnership agreement and the failure to
28 amend the fictitious business name statement are most likely due

-4-

to the fact that the parties were not advised by counsel or some other professional at the time of the purchase.

Also, from most outward appearances, the plaintiff was a partner.  Like the defendant, she received some money from the partnership.  Like the defendant, the plaintiff contributed money to the business throughout its brief existence.  Like the defendant, the plaintiff made payments to a lender financing the purchase of a vehicle.  Like the defendant, the plaintiff purchased a vehicle used in the business.  Like the defendant, the plaintiff wrote checks on the business account.  Like the defendant, the plaintiff worked as a chauffeur.

The parties also agreed that in 2006, the plaintiff would report all of the income from the business on her tax return as if it were a proprietorship.  In other words, the defendant allowed the plaintiff to hold herself out as an owner of the business.[1]

As to the statements made by the defendant in July 2007 regarding the plaintiff's lack of a partnership interest, context is important.  When the statements were made, it was clear the business had no net value.  It was losing money.  This is not a case where one party was excluding another from a valuable enterprise by taking advantage of deficiencies in the original documentation of their transaction.

---

[1]This may have been done so that the defendant could conceal her ownership of the business in a domestic dispute.  Assuming this is true, the fact remains that the defendant acknowledged that the plaintiff had an interest in the business.  Of course, the fact that both parties were part of an arrangement that falsely reported income to the IRS and that was designed to gain advantage over a former spouse, reflects poorly on both of them.

1    Rather, the parties had invested in a money losing business.
2    After the business continued to deteriorate, the defendant
3    decided to end her association with the plaintiff in a last ditch
4    effort to make the business work.  In her haste to disassociate
5    herself from the plaintiff, the defendant attempted to convince
6    the plaintiff that she had never been a partner.

7    Such conduct might itself result in a nondischargeable
8    liability for conversion or usurping an opportunity.  However,
9    the defendant excluded the plaintiff from a business with no
10   value and there is no evidence that the defendant earned any
11   significant revenue from the operation of the business after the
12   plaintiff's exclusion.

13   After consideration of all the evidence, the court cannot
14   conclude that the defendant initially intended to take the
15   plaintiff's money while excluding her from the business.  While
16   the defendant's conduct likely did not comply with the
17   partnership rules regarding dissolution and windup, there is no
18   proof that the defendant profited from this conduct or that the
19   plaintiff's losses were made worse.

20   A judgment will be entered for the defendant.
21   Dated: 18 Aug. 2009          By the Court

23                                _____
                                  Michael S. McManus, Judge
24                                United States Bankruptcy Court

-6-

1                        **CERTIFICATE OF MAILING**

2        I, Susan C. Cox, in the performance of my duties as a

3 judicial assistant to the Honorable Michael S. McManus, mailed by

4 ordinary mail to each of the parties named below a true copy of

5 the attached document.

6 Michael Tener
  PO Box 20
7 Stockton, CA 95201

8 W. Shumway
  2140 Professional Dr #250
9 Roseville, CA 95661

10 Dated: August /9, 2009

11

12                            Susan C. Cox
                            Judicial Assistant to Judge McManus

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28